| | |
|---|---|
| AJANAKU MURDOCK, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **ORDER** |
| | ) |
| CHAD EADES, et al., | ) |
| | ) |
| **Defendants.** | ) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) |

**THIS MATTER** is before the Court on its own motion following the Court's granting of summary judgment to the remaining Defendants in this 42 U.S.C. § 1983 action, and following Plaintiff's response to the Court's Order requiring Plaintiff to explain why he has failed to effectuate service on Defendant Chad Eades, who was employed as a police officer with the Iredell County Sheriff's Office at all relevant times.

On March 26, 2014, Plaintiff submitted a letter to this Court explaining that he was aware that Defendant Eades had not been served but he did not know what else he needed to do to have Eades served. See (Doc. No. 30 at 1). As the Court noted in its summary judgment order, Defendant Eades is no longer employed with the Iredell County Sheriff's Office. Before dismissing Plaintiff's action against Defendant Eades, the Court will require the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Eades. See Greene v. Holloway, 210 F.3d 361 (4th Cir. 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no

longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

**IT IS, THEREFORE, ORDERED** that:

1.  The U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendant Eades.  If the U.S. Marshal is unable to locate and obtain service on Defendant Eades, the U.S. Marshal shall inform the Court of the efforts made in attempting to locate Eades.

Signed: April 25, 2014

Robert J. Conrad, Jr.
United States District Judge